IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Way Smith, ) | |
| ) | C.A. No. 3:10-66-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Lisa Way Smith ("Smith") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Magistrate Judge McCrorey recommends reversing the Commissioner's decision and remanding the case for an award of benefits. The Commissioner filed objections to the Report and Recommendation on February 10, 2011. For the reasons explained below, the court reverses the ALJ's denial of benefits and remands the case to the Commissioner for an award of benefits.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 322-30), and summarized as follows. At the time of the ALJ's decision on November 19, 2009, Smith was a forty-seven-year-old woman with a sixth grade education and past relevant work as a bartender, cashier, stocker, and customer service representative. (Id. at 328.) Smith alleges that she has been disabled since September 9, 2004, due to borderline intellectual functioning, status post carpal tunnel release, and diabetes mellitus. (Id. at 324.)

Smith filed applications for DIB and SSI on September 17, 2004. (Id. at 11.) The applications were denied initially and upon reconsideration. (Id.) On April 28, 2006, Smith appeared and testified at a hearing before the ALJ. (R. at 11.) The ALJ concluded that Smith was not disabled because she was capable of performing her past relevant work as a cashier. (Id. at 20.) Smith sought judicial review of the Commissioner's decision, and on December 18, 2008, this court remanded the case to the ALJ after determining that the Commissioner's decision was not supported by substantial evidence. Smith v. Astrue, C.A. No. 3:07-2719-HMH-JRM (D.S.C. Dec. 18, 2008). A second hearing was held before the ALJ on September 11, 2009. On remand, the ALJ concluded that Smith was unable to perform any past relevant work but found that Smith did not have an impairment or combination of impairments that met or medically equaled the criteria listed in 20 CFR Part 404, Subpart P, Appendix 1. (Id. at 324-26.) Accordingly, the ALJ concluded that Smith was not disabled and denied her application for DIB and SSI. (Id. at 330.) The Appeals Council denied Smith's request for review of the ALJ's decision on January 17, 2009, thereby making the determination of the ALJ

the final decision of the Commissioner. (R. at 357.) Smith filed the instant action on January 11, 2010.

## II. REPORT AND RECOMMENDATION

The magistrate judge found that the ALJ's determination that Smith failed to meet or equal Listing 12.05, the listing for mental retardation, was not supported by substantial evidence. (Report & Recommendation, generally.) Consequently, Magistrate Judge McCrorey recommends reversing the Commissioner's decision and remanding the case for an award of benefits. (Id. at 15.)

## III. DISCUSSION OF THE LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

B. Objections

The Commissioner contends that the ALJ's finding that Smith's impairment failed to meet Listing 12.05 is supported by substantial evidence. To determine whether a claimant's impairment meets Listing 12.05 requires a two-step inquiry. First, the claimant must satisfy the Social Security Administration's ("SSA") diagnostic description of mental retardation, which provides: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (2010). An impairment falling within the scope of the diagnostic description of mental retardation must also satisfy at least one of the requisite severity levels set forth in Listing 12.05.[2] Id. (A)-(D). The ALJ found that because there was no evidence that Smith manifested deficits in adaptive functioning prior to the age 22, Smith's impairment did not satisfy Listing 12.05. (R. at 325.) In reaching this conclusion, however, the ALJ ignored substantial evidence indicating that Smith exhibited deficits in adaptive functioning during her developmental period.

Smith produced school records evidencing that she performed substantially below grade level. (Id. at 100.) Smith's sixth grade transcript, for example, showed that she failed three of the four courses for which she received grades. (Id.) Significantly, her standardized test scores reflect that when she was in seventh grade, Smith had an IQ of 62 and a third grade reading level. (Id. at 105-06.) Further, on remand Smith was given a psychological examination by

---

[2] The Commissioner does not specifically object to the magistrate judge's determination that Smith's IQ score satisfies the severity levels for Listings 12.05B and 12.05C. (Objections at 4.)

Dr. Francis Fishburne, a clinical psychologist. (Id. at 407.) Dr. Fishburne concluded that Smith has an IQ of 58 and diagnosed her with mild retardation. (Id. at 408-09.) Although Dr. Fishburne's psychological examination was administered well after Smith's developmental period, the Fourth Circuit has characterized mental retardation as a "lifelong condition" and has instructed that absent any credible evidence to the contrary, it must be assumed that one's IQ remains constant over time.[3] Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985). Contrary to the ALJ's finding, the record contained substantial evidence demonstrating that Smith portrayed deficits in adaptive behavior during her developmental period as required by Listing 12.05. See Maresh v. Barnhart, 438 F.3d 897, 900 (8th Cir. 2006) (relying on school records and an IQ examination administered after the claimant's developmental period to establish that the claimant exhibited deficits in adaptive functioning prior to the age 22).

In his objections to the magistrate judge's Report and Recommendation, the Commissioner concedes that Smith's standardized test scores from seventh grade suggest that Smith demonstrated deficits in adaptive functioning prior to the age 22. (Objections at 5.) Nevertheless, the Commissioner contends that this showing is insufficient to satisfy the SSA's diagnostic description of mental retardation. Relying on the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders ("DSM"), the Commissioner maintains

---

[3] In his November 13, 2009 decision, the ALJ stated that until 1991, Smith consumed a significant amount of liquor each day, and he surmised that Smith's liquor consumption "may have contributed significantly to her mental decline as an adult." (R. at 326.) Although Dr. Fishburne noted Smith's excessive alcohol consumption in her report, she did not correlate it in any way with her diagnosis of mental retardation, nor did she imply that it may have had an impact on Smith's IQ. (Id. at 407-14.) The ALJ's speculation that Smith's alcohol consumption may have contributed to a decline in her IQ is not supported by the record and cannot suffice to overcome the presumption that Smith's IQ as measured by Dr. Fishburne is indicative of her IQ during her developmental period.

that mental retardation requires "significant limitations in adaptive functioning in at least two of the following skill areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." (Id. at 4.) The Commissioner argues that Smith has shown significant limitations in adaptive functioning in only academic skills, and therefore, her impairment fails to meet the diagnostic description of mental retardation. This argument, however, is unavailing.

When the SSA revised its Listing of Impairments in 2002, it declined a proposal to incorporate the DSM's definition of mental retardation into Listing 12.05. See Technical Revisions to Medical Criteria for Determinations of Disability, 67 Fed. Reg. 20018-01, at 20022 (Apr. 24, 2002). Instead, it surveyed definitions employed by leading professional organizations dealing with mental retardation, finding that "[w]hile all the definitions require significant deficits in intellectual functioning, as evidenced by IQ scores of approximately 70 or below, age of onset and the method of measuring the required deficits in adaptive functioning differ among the organizations." Id. The SSA explained that Listing 12.05 provides the "necessary elements" to demonstrate mental retardation "while allowing use of any of the measurement methods recognized and endorsed by the professional organizations." Id.

Given the SSA's decision to reject the DSM's definition of mental retardation in 2002, it follows that the DSM is not controlling. The SSA's diagnostic definition of mental retardation requires Smith to prove only subaverage intellectual functioning and the onset of deficits in adaptive functioning manifested prior to the age of 22. Smith's school records, standardized test scores from seventh grade, and her IQ as measured by Dr. Fishburne constitute substantial evidence that shows her impairment manifested itself prior to the age of 22. Based on the

foregoing, the court concludes that the ALJ's finding that "there is no evidence of deficits in adaptive functioning prior to age 22" is not supported by substantial evidence.

The magistrate judge recommends reversing the Commissioner's decision and remanding the case for an award of benefits. (Report & Recommendation at 15.) Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court. Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987). After review of the entire record, the court concludes that Smith meets listing 12.05 and is entitled to an award of benefits.

Based on the foregoing, the court adopts the Report and Recommendation of the magistrate judge, reverses the decision of the Commissioner, and remands the case for an award of benefits.

It is therefore

**ORDERED** that the Commissioner's decision is reversed and the case is remanded to the Commissioner for an award of benefits.

 **IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
March 7, 2011