IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Way Smith, ) | |
| ) | C.A. No. 3:10-66-HMH-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

  This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The Plaintiff seeks attorney's fees in the above-captioned social security action in the amount of Twelve Thousand Five Hundred Twenty-Eight Dollars and Seventy-Five Cents ($12,528.75). See 28 U.S.C. § 2412(a). The Commissioner does not object to the request for attorney's fees.

  Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a social security case,[1] the court finds that an award of $12,528.75 is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee] agreements as an independent check, to assure that they yield reasonable results in particular cases."). Pursuant to a contingency fee agreement, the Plaintiff agreed to pay counsel 25 percent of any past-due benefits. In compliance with 42 U.S.C.

---

[1] Courts have considered the following factors in awarding attorney's fees:
"(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

§ 406(b)(1)(A), counsel's requested fee does not exceed 25 percent of any past-due benefits.

The requested attorney's fee is reasonable[2] given that Plaintiff's counsel expended 53.3 hours working on this matter at the court level. Wrenn v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Further, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

It is therefore

**ORDERED** that Plaintiff's amended motion for attorney's fees, docket number 25, is granted, and Plaintiff is awarded attorney's fees in the amount of Twelve Thousand Five Hundred Twenty-Eight Dollars and Seventy-Five Cents ($12,528.75). It is further

**ORDERED** that Plaintiff's motion for attorney's fees, docket number 24, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 30, 2011

---

[2] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.